IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JAMES JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| SAN MARCO X, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, JAMES JONES ("PLAINTIFF"), and files this Complaint against DEFENDANT, SAN MARCO X, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with a principal address in Jacksonville, Florida, which operated a restaurant in Jacksonville, Florida and PLAINTIFF performed work for DEFENDANT in Jacksonville, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around September 2020, DEFENDANT hired PLAINTIFF to work as a chef.  He continued in that capacity until he separated from DEFENDANT in or around December 2020.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. PLAINTIFF performed work for DEFENDANT in November and December 2020, for which he did not receive compensation.

13. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF for the last week he worked.

14. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

18. PLAINTIFF, at all relevant times was an employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive compensation.

19. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF for his last week of work.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for his time worked violates the minimum wage provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate PLAINTIFF for his time worked was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF at a rate of minimum wage, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid a salary of $50,000 per year.

28. PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for the last week he worked.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, he has suffered

4

delay in receipt of his wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated: May 3, 2021

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF